UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | |
|---|---|
| Marquis A. McCormick, | Case No. 3:16-cv-1778 |
| Plaintiff | |
| v. | MEMORANDUM OPINION |
| D & A Services, | |
| Defendant | |

## I. INTRODUCTION

This matter is before me on Defendant D & A Services' motion for dismissal or for summary judgment (Doc. No. 15), pro se Plaintiff Marquis McCormick's motion for continuance with respect to D & A's motion (Doc. No. 18), and Mr. McCormick's motion for entry of judgment (Doc. No. 25). These matters have been fully briefed and are now decisional. (Doc. No. 16, 18, 19, 23 & 24). For the reasons that follow, D & A's motion to dismiss is granted in part and denied in part. D & A's motion for summary judgment and Mr. McCormick's motion for entry of judgment are both denied without prejudice. And Mr. McCormick's motion for continuance is denied as moot.

## II. BACKGROUND

On June 17, 2016, Mr. McCormick filed his complaint against D & A in Ohio's Sixth District Court of Appeals, claiming violations of the Fair Debt Collection Practices Act ("FDCPA") and the Ohio Consumer Sales Practices Act ("OCSPA"). (Doc. No. 1-1). On July 12, 2016, D & A removed the case to this court. (Doc. No. 1). At the case management conference on September 12, 2016, I set several deadlines, including a discovery deadline of March 10, 2017. (Doc. No. 10). On October 19, 2016, Mr. McCormick filed an amended complaint, adding claims of Fair Credit

1

Billing Act ("FCBA") violations and state-law claims of intentional infliction of emotional distress, invasion of privacy, and negligent supervision. (Doc. No. 14 at ¶¶ 18-34).

On November 7, 2016, D & A filed its motion for dismissal or for summary judgment. (Doc. No. 15). Mr. McCormick then filed a motion requesting time to conduct discovery before responding to D & A's motion or, in the alternative, denial of said motion. (Doc. No. 18).

On January 17, 2017, I held a telephonic status conference, at which time I ordered Mr. McCormick to file his opposition to D & A's motion to dismiss or to grant summary judgment by February 3, 2017. (Doc. No. 22). I further ordered Mr. McCormick to specify in his response the discovery he seeks, the anticipated impact of that discovery, and why it would be improper to move forward in this case without additional discovery. (*Id.*). At that time, I stayed discovery. (*Id.*).

Mr. McCormick filed his response on February 3, 2017 (Doc. No. 23), and D & A filed its reply on February 17, 2017 (Doc. No. 24). Mr. McCormick then filed his motion for entry of judgment on November 2, 2017. (Doc. No. 25). These matters are now decisional.

### III.     STANDARD

A defendant may seek to dismiss a plaintiff's complaint on the ground the complaint fails to state a claim upon which relief may be granted. Fed. R. Civ. P. 12(b)(6). When ruling on a motion to dismiss, a court construes the complaint in the light most favorable to the plaintiff and accepts as true well-pleaded factual allegations. *Daily Servs., LLC v. Valentino*, 756 F.3d 893, 896 (6th Cir. 2014) (citing *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009)). Factual allegations must be sufficient to state a plausible claim for relief. *Iqbal*, 556 U.S. at 678. Legal conclusions and unwarranted factual inferences are not entitled to a presumption of truth. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). Pro se complaints are held "to less stringent standards" than those drafted by lawyers and are thus "liberally construed." *Martin v. Overton*, 391 F.3d 710, 712 (6th Cir. 2004).

Summary judgment is appropriate if the movant demonstrates there is no genuine dispute of material fact and that the movant is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(a).

All evidence must be viewed in the light most favorable to the nonmovant, *White v. Baxter Healthcare Corp.*, 533 F.3d 381, 390 (6th Cir. 2008), and all reasonable inferences are drawn in the nonmovant's favor. *Rose v. State Farm Fire & Cas. Co.*, 766 F.3d 532, 535 (6th Cir. 2014). A factual dispute is genuine if a reasonable jury could resolve the dispute and return a verdict in the nonmovant's favor. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). A disputed fact is material only if its resolution might affect the outcome of the case under the governing substantive law. *Rogers v. O'Donnell*, 737 F.3d 1026, 1030 (6th Cir. 2013).

## IV. DISCUSSION

### A. Motion to Dismiss

#### 1. FDCPA

Mr. McCormick first claims that D & A violated several provisions of the FDCPA. (Doc. No. 14 at 3). D & A maintains that Mr. McCormick's FDCPA allegations all center around one allegation—that D & A's January 5, 2015 letter did not comply with the FDCPA's notice requirements. (Doc. No. 15 at 8-9). D & A argues that it sent a previous letter on November 27, 2015, that complied with those notice requirements, and thus all of Mr. McCormick's other FDCPA claims should fail. (*Id.*).

Mr. McCormick first alleges in his amended complaint that D & A violated 15 U.S.C. § 1692g(a) by failing to provide written notice so that he could exercise his right to validate the alleged debt in writing. (Doc. No. 14 at 3). D & A argues that it provided Mr. McCormick with the validation of debt notice as required by the statute, as evidenced by the declaration of D & A's President and COO Anthony Crews. (Doc. No. 15 at 3). D & A further argues that the common law mailbox rule presumes Mr. McCormick received the notice. (*Id.* at 9).

The purpose of the FDCPA, among other things, is "to eliminate abusive debt collection practices by debt collectors" and "protect consumers against debt collection abuses." 15 U.S.C. §

3

1692. The FDCPA requires debt collectors to provide certain notices to consumers. 15 U.S.C. § 1692g(a). Section 1692g provides:

> (a) Notice of debt; contents. Within five days after the initial communication with a consumer in connection with the collection of any debt, a debt collector shall, unless the following information is contained in the initial communication or the consumer has paid the debt, *send the consumer a written notice* containing--
>
> (1) the amount of the debt;
>
> (2) the name of the creditor to whom the debt is owed;
>
> (3) a statement that unless the consumer, within thirty days after receipt of the notice, disputes the validity of the debt, or any portion thereof, the debt will be assumed to be valid by the debt collector;
>
> (4) a statement that if the consumer notifies the debt collector in writing within the thirty-day period that the debt, or any portion thereof, is disputed, the debt collector will obtain verification of the debt or a copy of a judgment against the consumer and a copy of such verification or judgment will be mailed to the consumer by the debt collector; and
>
> (5) a statement that, upon the consumer's written request within the thirty-day period, the debt collector will provide the consumer with the name and address of the original creditor, if different from the current creditor.

*Id.* (emphasis added).

The plain language of the statute states that the debt collector must "send the consumer a written notice," not that the consumer must *receive* the notice. *Id.* "Under the common-law 'mailbox rule,' evidence that an item was properly addressed and placed in the mail creates a rebuttable presumption that the item was received." *Telerico v. Nationwide Mut. Fire Ins. Co.*, 529 F. App'x 729, 732 (6th Cir. 2013) (citing *Carroll v. C.I.R.*, 71 F. 1228, 1232 (6th Cir. 1995)). "The presumption arises upon proof that the item was properly addressed, had sufficient postage, and was deposited in the mail." *In re Yoder Co.*, 758 F.2d 1114, 1118 (6th Cir. 1985).

But relating to the FDCPA, "[w]hether or not the debtor must have actually received the notice in order for a debt collector to have complied with Section 1692g is unsettled in the Sixth Circuit." *Edwards v. Cavalry Portfolio Servs., LLC*, 2015 WL 5145559, at *3 (W.D. Ky. Sept. 1, 2015). District courts in this circuit have held that the presumption of receipt by a debtor is rebuttable. *See,*
4

*e.g., id.* at *10 (holding debt collector's motion to dismiss as premature until debtor has an opportunity to rebut the presumption of receipt); *Campbell v. Credit Bureau Sys., Inc.*, 2009 WL 211046, at *11-12 (E.D. Ky. Jan. 27, 2009) (denying debt collector's motion for dismissal/summary judgment to give the debtor an opportunity to rebut the presumption that he received notice during his custodial status); *Johnson v. Midland Credit Mgmt*, No. 1:05CV1094, 2006 WL 2473004, at *12-13 (N. D. Ohio Aug. 24, 2006) (finding debtor rebutted the presumption of delivery by proving that the notice was sent to an incorrect address and returned as undeliverable). I agree with the reasoning of these cases and likewise hold that the proper mailing of a notice of debt raises a rebuttable presumption the debtor received the notice.

Because Mr. McCormick has alleged he did not receive the required notice before D & A first attempted to collect the debt, he has pled factual allegations sufficient to state a plausible claim for relief. Although D & A offers evidence it sent the required notice in compliance with § 1692g(a), Mr. McCormick has the right to gather evidence and, if possible, rebut the presumption of delivery. Accordingly, the motion to dismiss with respect to Count I's FDCPA notice provision violation claim is denied.

Mr. McCormick further alleges that D & A "attempted to collect [an] amount different [than] the amount owed" in violation of §§ 1692e(2)(A) & 1692f. (Doc. No. 14 at 2). D & A maintains that Mr. McCormick owes the debt totaling $496.80 assigned to D & A for collection. (Doc. No. 15 at 3).

"A debt collector may not use unfair or unconscionable means to collect [a] debt." 15 U.S.C. § 1692f. Falsely representing "the character, amount, or legal status of any debt" is also prohibited. 15 U.S.C. § 1692(e)(2)(A). If a debtor can prove the amount of the debt being collected is invalid, the debt collector may be liable for using unfair or unconscionable means or falsely representing the amount of the debt in violation of §§ 1692f & 1692(e)(2)(A). *See Savage v. Hatcher*,

5

109 Fed. Appx. 759, 761 (6th Cir. 2004) (reversing the district court's dismissal of FDCPA §§ 1692f & 1692(e)(2)(A) claims because the parties disputed the amount of the debt at issue).

Here, Mr. McCormick claims that the amount of the debt owed is different than the amount D & A attempted to collect. Although he has not pled the actual amount of the dispute, his pro se complaint must be liberally construed. Accepting Mr. McCormick's claim as true, he has pled facts sufficient to state a plausible claim for relief as it relates to his FDCPA claims of unfair practices and false or misleading representations. *See* 15 U.S.C. §§ 1692f & 1692(e)(2)(A). Therefore, the motion to dismiss with respect to these claims is denied.

Finally, Mr. McCormick has not shown that he is entitled to relief under 15 U.S.C. § 1692g(a) with respect to contradicting or overshadowing the right to dispute, § 1692e with respect to creating a false sense of urgency, or § 1692j with respect to furnishing deceptive forms. He included no factual allegations and merely restated the statute's provisions in the form of legal conclusions. Accordingly, the motion to dismiss is granted with respect to Mr. McCormick's Count I claims regarding §§ 1692g(a), 1692e, and 1692j.

**2. Ohio Consumer Sales Practices Act**

Mr. McCormick further alleges D & A violated the OCSPA "by engaging in unfair or deceptive acts or practices" related to the alleged FDCPA violations discussed above. (Doc. No. 14 at 3). D & A maintains that the record is "void of any evidence of deceptive activity" and that the OCSPA claims, derivative claims of the FDCPA claims, should likewise fail. (Doc. No. 15 at 11-12).

The OCSPA prevents "unfair or deceptive act[s] or practice[s] in connection with a consumer transaction." O.R.C. § 1345.02(A). A debt collector falls under the OCSPA if the original debt at issue resulted from a consumer transaction. *Wise v. Zwicker & Assocs., P.C.*, 780 F.3d 710, 719 (6th Cir. 2015). Conduct that violates the FDCPA will often also violate the OCSPA, as well. *Slorp v. Lerner, Sampson & Rothfuss*, 587 F. App'x 249, 261 (6th Cir. 2014). And the OCSPA, like the

FDCPA, prohibits the use of unfair, deceptive, and unconscionable acts or practices. O.R.C. §§ 1345.02 & 1345.03.

Since Mr. McCormick has sufficiently plead facts in relation to several of his FDCPA claims, and that these violations establish violations of the OCSPA, there remains the possibility that D & A's alleged FDCPA violations may violate the OCSPA, too. But since McCormick has provided no independent grounds by which D&A Services violated the OCSPA, his claims with respect to the OCSPA survive only to the extent his FDCPA claims survive. *Fed. Home Loan Mortg. Corp. v. Lamar*, 503 F.3d 504, 513 (6th Cir. 2007). The motion to dismiss Mr. McCormick's Count I OCSPA claims with respect to the notice provision, disputed amount of the debt, and unfair practices is therefore denied. The motion is granted with respect to Mr. McCormick's remaining OCSPA claims.

### 3. Invasion of Privacy

Mr. McCormick claims that D & A's communication violated his right to privacy. (Doc. No. 14 at 3-4). D & A counters that it has a right to take reasonable steps to collect the debt and so the claim should fail as a matter of law. (Doc. No. 15 at 12-13).

"The right of privacy is the right of a person to be let alone, to be free from unwarranted publicity, and to live without unwarranted interference by the public in matters with which the public is not necessarily concerned." *Housh v. Peth*, 133 N.E.2d 340, 341 (Ohio 1956) (syllabus). "An actionable invasion of the right of privacy consists of unwarranted appropriation or exploitation of one's personality, the publicizing of one's private affairs with which the public has no legitimate concern, or the wrongful intrusion into one's private activities in such a manner as to outrage or cause mental suffering, shame or humiliation to a person of ordinary sensibilities." *Id.*

A creditor has a right to collect a debt and by doing so, does not wrongfully invade [a] debtor's right of privacy. *Id.* (holding "such action is not reasonable where a creditor … telephones the debtor six or eight times every day at her home and place of employment—some of the calls as late as 11:45 p. m.—over a period of three weeks, telephones debtor's superiors and informs them

of the debt, and calls debtor at place of employment three times within a period of 15 minutes resulting in a threatened loss of employment").

Here, Mr. McCormick offers no factual allegations to indicate how D & A invaded his right to privacy. Merely stating that D & A "undertook communications … [that] were harassing, unreasonable, [and] systematic" (Doc. No. 14 at 3) gives the court no indication that D & A's communication was done in a way that would "outrage or cause mental suffering, shame or humiliation to a person of ordinary sensibilities." Mr. McCormick offers no facts sufficient to state a plausible claim for relief for an invasion of privacy. As such, D & A's motion to dismiss Mr. McCormick's invasion of privacy claim is granted.

### 4. Intentional Infliction of Emotional Distress

Mr. McCormick next claims that D & A's "communications and threats" and resulting invasion of privacy constituted IIED. (Doc. No. 14 at 4-5). D & A maintains that because the invasion of privacy claims should fail, so must the IIED claims. (Doc. No. 15 at 13).

When bringing a claim for "intentional infliction of emotional distress, a plaintiff must prove (1) the defendant intended to cause the plaintiff serious emotional distress, (2) defendant's conduct was extreme and outrageous, and (3) defendant's conduct was [the] proximate cause of plaintiff's serious emotional distress." *Phung v. Waste Mgt., Inc.*, 644 N.E.2d 286, 289 (Ohio 1994). Extreme and outrageous conduct goes "beyond all possible bounds of decency, and [is] regarded as atrocious, and utterly intolerable in a civilized community." *Reamsnyder v. Jaskolski*, 462 N.E.2d 392, 394 (Ohio 1984) (holding car rental agency's threat to tear the plaintiff's arm off if he did not return the car met the standard of extreme and outrageous and was sufficient to state a claim for relief). "[M]ere insults, indignities, *threats*, annoyances, petty oppressions, or other trivialities" do not rise to the level of extreme and outrageous conduct. *Id.* (finding insurance agent representative's pressure to settle a claim during telephone call was not sufficient to meet the standard of extreme and outrageous conduct) (emphasis added).

8

Here, Mr. McCormick's general statement about "communications and threats" does not rise to the level of factual allegations sufficient to state a plausible claim for relief for an IIED claim. D & A's motion to dismiss Mr. McCormick's IIED claim is therefore granted.

5. **Negligent Supervision**

Mr. McCormick further claims that as a result of D & A's invasion of privacy and IIED, D & A is also liable for negligent supervision. (Doc. No. 14 at 5). D & A argues that nothing in the record disputes "the reasonableness of D & A's actions" and because the invasion of privacy claim fails, so must the negligent supervision claim. (Doc. No. 15 at 13).

The elements of a claim for negligent supervision include: "(1) the existence of an employment relationship; (2) the employee's incompetence; (3) the employer's knowledge of the employee's incompetence; (4) the employee's act or omission causing the plaintiff's injuries; and (5) a causal link between the employer's negligence … and the plaintiff's injuries." *Lehrner v. Safeco Ins./Am. States Ins. Co.*, 872 N.E.2d 295, 305 (Ohio Ct. App. 2007) (citing *Harmon v. GZK, Inc.*, No. 18672, 2002 Ohio App. LEXIS 480, at *41-42 (Ohio Ct. App. Feb. 8, 2002). A claim for negligent supervision requires that an "employee is individually liable for a tort or guilty of a claimed wrong against a third person, who then seeks recovery against the employer." *Stock v. Pressnell*, 527 N.E.2d 1235, 1244 (Ohio 1988) (holding church was not liable under theory of negligent supervision because there was no tort action against the minister).

Here, because the tort claims of invasion of privacy and IIED have been dismissed, there is no underlying tort claim to substantiate a claim for negligent supervision. Therefore, D & A's motion to dismiss Mr. McCormick's negligent supervision claim is granted.

6. **Fair Credit Billing Act**

Mr. McCormick's final count alleges that "the creditor" violated the FCBA. (Doc. No. 14 at 5-6). D & A maintains that the FCBA applies to creditors and "D & A is a debt collector … not a creditor." (Doc. No. 15 at 13).

Under the FCBA, a creditor must correspond with a consumer to resolve any billing disputes. 15 U.S.C. § 1666; *Conn-Burnstein v. Saks Fifth Ave. & Co.*, 85 F. App'x 430, 431 (6th Cir. 2003). The plain language of the FCBA indicates this statute applies to *creditors*. 15 U.S.C. § 1666(a). The statute defines "creditor" as a person who both "regularly extends … consumer credit" and "is the person to whom the debt arising from the consumer credit transaction is initially payable." 15 U.S.C. § 1602(g); *see Whiteman v. Burton Neil & Assocs., P.C.*, No. 07-2289, 2008 U.S. Dist. LEXIS 71225, at *10-11 (M.D. Pa. Sept. 19, 2008) (dismissing FCBA claim because defendant was not the original party to extend credit to the plaintiff).

Here, there are no facts to support the requirement that D & A is a party that regularly extends consumer credit; nor is D & A the party that originally extended the credit at issue to Mr. McCormick. Synchrony Bank was the original creditor. (Doc. No. 14 at 8). D & A does not meet the definition of creditor for purposes of the FCBA; therefore, Mr. McCormick's FCBA claims against D & A must fail. D & A's motion to dismiss Mr. McCormick's FCBA claim is granted.

**B. Summary Judgment & Entry of Judgment**

Mr. McCormick's surviving claims are the FDCPA claims—notice provision, false representation of the debt amount, and unfair practices—and the corresponding OSCPA claims. Because discovery has not been completed and there are, at this stage, genuine disputes of material fact regarding whether Mr. McCormick can successfully rebut the presumption he received the validation of debt notice and regarding the amount of the debt at issue, D & A's motion for summary judgment is denied without prejudice. For the same reason, Mr. McCormick's motion for entry of judgment is also denied without prejudice.

**C. Motion for Continuance**

Mr. McCormick filed a motion asking for more time to conduct discovery before responding to D & A's motion or, in the alternative, that I deny D & A's motion. (Doc. No. 18). Having ruled on the pending dispositive motions, I now deny Mr. McCormick's motion for continuance as moot.

Mr. McCormick will have an opportunity to engage in discovery limited to his surviving claims, the parameters of which will be set forth during the next telephonic status conference.

## V.     CONCLUSION

For the reasons stated above, D & A's motion to dismiss is granted as follows: (1) Count I as it pertains to FDCPA §§ 1692g(a) overshadowing, 1692e false sense of urgency, and 1692j deceptive forms; (2) Count II in its entirety; (3) Count III in its entirety; (4) Count IV in its entirety; and (5) Count V in its entirety.  (Doc. No. 15).  D & A's motion to dismiss is denied as follows: (1) Count I as it pertains to FDCPA Sections 1692g(a)–Validation of debt notice, 1692e–False representation of the amount of the debt, and 1692f–Unfair practices; and (2) the corresponding OSCPA claims. (Doc. No. 15).  D & A's motion for summary judgment and Mr. McCormick's motion for entry of judgment are denied without prejudice.  (Doc. Nos. 15 & 25).

I deny as moot Mr. McCormick's motion for continuance.  (Doc. No. 18).  Mr. McCormick will have an opportunity to engage in discovery limited to his surviving claims, the parameters of which will be set forth during the next telephonic status conference.

Telephone status conference scheduled for September 26, 2018 at 11:00 a.m.  My chambers will initiate the phone call.

So Ordered.

s/ Jeffrey J. Helmick  
United States District Judge