IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | | |
|---|---|---|
| MARQUIS A. MCCORMICK, | § | |
| Plaintiff, | § § § | |
| v. | § § | Case No. 3:16-CV-01778-JJH |
| D & A SERVICES, LLC, | § § § | |
| Defendant. | § | |

## DEFENDANT'S MEMORANDUM OF LAW IN SUPPORT OF MOTION FOR SUMMARY JUDGMENT

Defendant, D & A Services, LLC ("D&A"), through counsel and pursuant to Fed. R. Civ. P. 56, files this Memorandum of Law in support of its Motion for Summary Judgment ("the Motion") seeking dismissal of the claims brought by Plaintiff, Marquis McCormick ("plaintiff").

### I. INTRODUCTION

In this case, plaintiff asserts D&A violated the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692, *et seq.*, and the Ohio Consumer Sales Practices Act ("OCSPA"), Ohio Rev. Code § 1345.01, *et seq.*, by: (1) failing to send him a letter containing the disclosures required by FDCPA § 1692g; and (2) attempting to collect more than he actually owes. As explained below, plaintiff's claims fail because the evidence proves D&A, in fact, sent him a letter containing the proper disclosures and that the amount D&A sought to collect was (and is) correct. Therefore, the Court should grant this Motion, and dismiss this case.

### II. FACTS AND PROCEDURAL BACKGROUND

In accordance with this Court's rules, D&A has provided a Statement of Undisputed Material Facts ("SOF") in support of this Motion. D&A has included a summary of the relevant

1

facts below for the Court's ease of reference.[1]

This case arises out of D&A's efforts to collect plaintiff's debt ("the Debt") for a Wal-Mart brand credit card issued by Synchrony Bank, N.A. ("Synchrony"). SOF at ¶ 1. On October 11, 2015, Synchrony charged off the $496.80 Debt due to non-payment. SOF at ¶ 2. Shortly thereafter, Synchrony sold the Debt to Crown Asset Management, LLC ("Crown"). SOF at ¶ 3. On November 25, 2015, Crown placed the $496.80 Debt with D&A for collection. SOF at ¶ 4.

***On November 27, 2015, D&A sent plaintiff its initial communication about the Debt ("the First Letter")***. SOF at ¶ 5. The letter accurately lists the amount of the Debt as $496.80, identifies Crown as the creditor to whom the Debt is owed, and provides the dispute and verification language taken directly from FDCPA § 1692g, stating:

> Unless you notify this office within 30 days after receiving this notice that you dispute the validity of this debt or any portion thereof, this office will assume this debt is valid. If you notify this office in writing within 30 days after receiving this notice that you dispute the validity of this debt or any portion thereof, this office will obtain verification of the debt or obtain a copy of a judgment and mail you a copy of such judgment or verification. If you request of this office in writing within 30 days after receiving this notice this office will provide you with the name and address of the original creditor, if different from the current creditor.
>
> If you dispute the debt, or any part thereof, or request the name and address of the original creditor in writing within the thirty-day

---

[1] D&A has evidentiary support for each statement in the SOF. Moreover, the statements are supported by D&A's Requests for Admissions ("the Requests"). Plaintiff ignored D&A's Requests, and they should be deemed admitted pursuant to Fed. R. Civ. P. 36, which states: "A matter is admitted unless, within 30 days after being served, the party to whom the request is directed serves on the requesting party a written answer or objection." In particular, on December 10, 2018, D&A's counsel served plaintiff with its written discovery requests, including the Requests. *See* Affidavit of Spencer M. Schulz, Esq., attached to SOF as Exhibit "D," at ¶ 4. D&A's counsel served the requests via email because the parties had communicated exclusively via email—indeed, plaintiff served his own discovery requests to D&A's counsel via email. *Id.* at ¶ 5. On January 22, 2019, D&A's counsel emailed plaintiff to inform him his responses were past due and needed to be provided. *Id.* at ¶ 6. Plaintiff responded to other issues in counsel's correspondence, but he did not address his overdue responses. *Id.* at ¶ 7.

> period, the law requires our firm to suspend our efforts to collect the
> debt until we mail the requested information to you.

SOF at ¶ 8. ***The First Letter was sent to "Marquis McCormick, 530 Toronto Ave., Toledo, OH 43609-2954"—which is the same address plaintiff lists as his address in the Complaint—and was <u>not</u> returned as undeliverable***. SOF at ¶ 6.

On January 5, 2016, D&A sent plaintiff its second and final letter ("the Second Letter"). SOF at ¶ 9. The Second Letter also lists the balance as $496.80, and it was sent to the same address as the First Letter. SOF at ¶¶ 9, 11. There is no doubt plaintiff received the Second Letter because he attached it as an exhibit to his Complaint. SOF at ¶ 10.

On or about April 25, 2016, plaintiff filed this suit in the Sixth District Court of Appeals of Ohio in a case entitled and captioned *Marquis A. McCormick v. D & A Services*, Case No. CL 0201601130. Dkt. 1. D&A timely removed the suit to this Court. *Id.*

In the Complaint, plaintiff asserted D&A violated the FDCPA by failing to send him a letter containing the disclosures required by FDCPA § 1692g ("the G Notice Claim") and attempting to collect an amount not owed ("the Amount of Debt Claim"). *Id.* Plaintiff also asserted that, by violating the FDCPA, D&A necessarily violated the OSPCA. *Id.* Thereafter, plaintiff amended the Complaint to add state law claims for invasion of privacy, intentional infliction of emotional distress, and negligent supervision, and a claim under the Fair Credit Billing Act ("FCBA"), 15 U.S.C. § 1666, *et seq.* Dkt. 14.

On November 3, 2016, D&A filed a Motion to Dismiss and/or for Summary Judgment. Dkt. 15. D&A attached to its motion the First Letter and a supporting affidavit from the company's President. *Id.* The affidavit explained that the First Letter was, in fact, sent and that the amount D&A sought to collect ($496.80) was accurate based on the creditor's placement file. *Id.* D&A's motion also explained that the allegations in the Amended Complaint failed to state a claim for

invasion of privacy, intentional infliction of emotional distress, and negligent supervision, and that plaintiff's FCBA claim failed because D&A is not subject to the statute. *Id.*

On September 11, 2018, the Court ruled on D&A's motion and dismissed plaintiff's invasion of privacy, intentional infliction of emotional distress, negligent supervision, and FCBA claims for the reasons cited in D&A's motion. Dkt. 26 at p. 11. However, the Court denied the motion as to plaintiff's FDCPA and OSCPA claims. As for plaintiff's "G Notice Claim," the Court stated: "Although D&A offers evidence it sent the required notice in compliance with § 1692g(a), Mr. McCormick has the right to gather evidence, and if possible, rebut the presumption of delivery." *Id.* at p. 5. As for the "Amount of Debt Claim," the Court stated: "If a debtor can prove the amount of the debt being collected is invalid, the debt collector may be liable." *Id.* Accordingly, the Court ordered that plaintiff "will have an opportunity to engage in discovery limited to his surviving claims." *Id.* at p. 11.

### III. <u>LAW AND ARGUMENT</u>

A court should grant summary judgment where there are no genuine issues of material fact and the movant is entitled to judgment as a matter of law. Fed. R. Civ. P. 56. The movant bears the initial burden of making these showings. *Celotex Corp. v. Catrett*, 477 U.S. 317, 322–23 (1986). To do so, the movant must either support its assertions of fact by citing to the relevant materials in the record or demonstrate that its opponent lacks admissible evidence in the record necessary to support a material fact. Fed. R. Civ. P. 56(c)(1). Once the movant carries this burden, the burden then shifts to the opponent to set forth specific facts in the record showing there is a genuine issue of material fact for trial. *Celotex*, 477 U.S. at 322–23. If the opponent cannot provide such evidence, dismissal is proper. As explained below, there are no genuine issues of material fact and D&A is entitled to judgment as a matter of law as to plaintiff's claims.

4

**A. Plaintiff's G Notice Claim Fails Because The Evidence Proves D&A's First Letter Contained The Required Disclosures And Was Properly Sent To Plaintiff, And Plaintiff Has No Evidence Rebutting The Presumption He Received The Letter**

FDCPA § 1692g states as follows:

> (a) Within five days after the initial communication with a consumer in connection with the collection of any debt, a debt collector shall . . . *send the consumer a written notice* containing—
>
>> (1) the amount of the debt;
>>
>> (2) the name of the creditor to whom the debt is owed;
>>
>> (3) a statement that unless the consumer, within thirty days after receipt of the notice, disputes the validity of the debt, or any portion thereof, the debt will be assumed to be valid by the debt collector;
>>
>> (4) a statement that if the consumer notifies the debt collector in writing within the thirty-day period that the debt, or any portion thereof, is disputed, the debt collector will obtain verification of the debt or a copy of a judgment against the consumer and a copy of such verification or judgment will be mailed to the consumer by the debt collector; and
>>
>> (5) a statement that, upon the consumer's written request within the thirty-day period, the debt collector will provide the consumer with the name and address of the consumer, if different from the current creditor.

15 U.S.C. § 1692g(a) (emphasis added).

By its plain terms, § 1692g only requires a debt collector to *send* the notice—proof of receipt is *not* required. Nevertheless, some courts in the Sixth Circuit have considered whether a letter was received and applied the common law "mailbox rule" to § 1692g claims. *See, e.g.*, *Edwards v. Cavalry Portfolio Servs., LLC*, C.A. No. 3:14-CV-00413, 2015 WL 5145559, \*3 (W.D. Ky. Sept. 1, 2015). In short, these courts have held that if a debt collector provides evidence a letter was properly addressed and placed in the mail, it creates a rebuttable presumption that the letter was received by the debtor. *Id.* To rebut the presumption, the addressee must demonstrate

the letter was returned as undeliverable, *Johnson v. Midland Credit Management Inc.*, C.A. No. 1:05 CV 1094, 2012 WL 5996391, *2 (N.D. Ohio Nov. 29, 2012), or that he did not receive the letter and that such failure was due to cause beyond his control, *Reynolds v. Reliance Standard Life Insurance Co.*, C.A. No. C-3-06-010, 2006 WL 2990385, *7 (S.D. Ohio Oct. 18, 2016).

***Plaintiff's G Notice Claim fails because the evidence proves D&A sent plaintiff the First Letter and that the letter contained each of the disclosures required by 1692g.*** SOF at ¶¶ 5-8. D&A sent the First Letter to "Marquis McCormick, 530 Toronto Ave., Toledo, OH 43609-2954." SOF at ¶ 6. Tellingly, this is the same address plaintiff provided as his address in the Complaint. Dkt. 1. Moreover, D&A sent its Second Letter to this same address, and he undoubtedly received the letter since he attached it to his Complaint. *Id.* The First Letter accurately lists the amount of the Debt as $496.80, accurately lists the name of the creditor to whom the Debt is owed as Crown Asset Management, LLC, and provides § 1692g's dispute/verification language practically verbatim. SOF at ¶ 8. This should end the Court's inquiry because § 1692g plainly only requires a debt collector to prove a letter is sent to comply with the FDCPA.

***Even if the Court is willing to consider whether plaintiff received the First Letter, his claim still fails because he has no evidence to rebut the presumption he received the letter.*** The evidence proves the letter was not returned as undeliverable. SOF at ¶ 7. Moreover, and again, the address to which D&A sent the First Letter is the same address he lists as his address in the Complaint. Dkt. 1. And plaintiff undoubtedly received D&A's Second Letter, which was sent to the same address and mailed a little over a month after the First letter. SOF at ¶¶ 9, 10.

Accordingly, plaintiff's G Notice Claim fails and should be dismissed.

### B. Plaintiff's Amount of Debt Claim Fails Because The Amount Listed In D&A's Letter Is Accurate And Plaintiff Has Provided No Evidence To the Contrary

Plaintiff asserts D&A violated the FDCPA and OSCPA by attempting to collect more than he actually owes. The evidence proves plaintiff is wrong. Again, the Debt D&A was attempting to collect was for a Wal-Mart brand credit card issued by Synchrony. SOF at ¶ 1. On October 11, 2015, Synchrony charged off the $496.80 Debt due to non-payment. SOF at ¶ 2. On November 19, 2015, Synchrony sold and assigned the Debt to Crown, who thereafter placed it with D&A for collection. SOF at ¶¶ 3, 4. Both of D&A's letters to plaintiff list the amount he owes as $496.80, and D&A never attempted to collect an amount other than $496.80. SOF at ¶¶ 8, 11, 12. Moreover, plaintiff has provided *no evidence* that the amount D&A sought to collect was inaccurate. Accordingly, there are no genuine issues of material fact as to plaintiff's Amount of Debt Claim, and dismissal of the claim is proper.

### IV. <u>CONCLUSION</u>

For the reasons stated above, the Court should conclude there are no genuine issues of material fact as to plaintiff's claims and that D&A is entitled to judgment as a matter of law, grant D&A's Motion, and dismiss plaintiff's claims with prejudice.

Respectfully Submitted,

*/s/ Andrew E. Cunningham*
Andrew E. Cunningham, Esq.
Daniel W. Pisani, Esq.
SESSIONS, FISHMAN, NATHAN & ISRAEL
141 W. Jackson Blvd., Suite 3550
Chicago, IL 60604
Tel: 312-578-0992
Fax: 877-334-0661
Email: acunningham@sessionsl.legal
   dpisani@sessions.legal

Spencer M. Schulz, Esq.
SESSIONS, FISHMAN, NATHAN & ISRAEL
3850 N. Causeway Blvd., Suite 200
Metairie, LA 70002
Tel: 504-828-3700
Fax: 504-828-3737
Email: sschulz@sessions.legal

*Counsel for Defendant,*
*D & A Services, LLC*

## **CERTIFICATE OF SERVICE**

I hereby certify that on January 24, 2019, a copy of the foregoing was filed with the Court via its EC/CMF system and served upon plaintiff, Marquis A. McCormick via email to truthseekr31@yahoo.com.

By: */s/ Andrew E. Cunningham*
    Andrew E. Cunningham, Esq.